## Burley Tobacco Company v. Young.

(Decided May 7, 1918.)

Appeal from Boone Circuit Court.

Evidence.—Evidence examined and found to support verdict.

D. E. CASTLEMAN and ALLEN & DUNCAN for appellant.

S. W. TOLIN for appellee

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The Burley Tobacco Company sued Young for $360.00 alleged to be due as the rent of a tobacco barn for the years 1913 and 1914. In his answer, Young admitted renting the premises, and that the amount of rent sued for was correct, but denied that he owed any part of it because, as he alleged, he had suffered damages in the sum of $705.00 on account of an alleged breach of warranty by the Burley Tobacco Company growing out of this state of facts: He averred that there was attached to and part of the tobacco warehouse, at the time he first rented it in 1912 a scales used for the weighing of tobacco; that the Burley Company assured him that the scales were in good order and warranted to weigh all drafts correctly; that it knew he was renting the warehouse for the purpose of buying tobacco from farmers who were hauling it to the warehouse to be weighed, and that it was essential that the scales should weigh correctly; that he bought from farmers, and weighed on these scales, about 140,000 pounds of tobacco believing that the scales would weigh correctly and paid the farmers for the tobacco according to the weights registered by that scales; but afterwards, when he sold the tobacco so bought and weighed and paid for, he discovered that the scales weighed too heavy and that he had paid for about 50 pounds more in each 1,000 pounds than he actually got; and so without disputing the claim for rent, he asserted his claim for damages on account of the breach of warranty as a counter-claim, and asked judgment over against the company for $345.00.

On a trial of the case, before a jury, there was a verdict in favor of Young, on his counter-claim, for $220.00, and from the judgment on this verdict, this appeal is prosecuted.

There was no demurrer to the pleading asserting the counter-claim as it stated a good cause of action. There was no exception or objection saved to any of the evidence offered. There was no motion for a peremptory instruction, nor was or is any complaint made of the instructions. It will, therefore, be seen that the only question in the case is, was there any evidence to support the verdict or was it so flagrantly against the evidence as to indicate that the finding was the result of passion or prejudice on the part of the jury? On the facts, the case is a very simple one: Young introduced evidence tending to support his theory of the case, and the Burley Company introduced evidence tending to support its theory. Under the evidence the jury might have found for either of the parties, and the finding could not be said to be unsupported by or flagrantly against the evidence. It is suggested that the assertion of this counter-claim by Young was an afterthought on his part, for the purpose of defeating the rent claim, admitted by him to be just, and it looks like there is some ground for this suggestion, but this was a matter for the jury.

We do not find, in the record, any error that would authorize us to disturb the judgment, and it is affirmed.